**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**          TJM / DEP

04-CV-0113

JASON HUNTLEY, )
)
**Plaintiff(s)** )
)
vs. )
)
EVAN GORELICK, et al., )
in their individual capacities, )
**Defendant(s)** )
)

**INMATE**
**CIVIL**
**RIGHTS**
**COMPLAINT**
**PURSUANT TO**
**42 U.S.C. § 1983**

**Civil Case No.: 6:**

U.S. DISTRICT COURT-ND OF N.Y.

FEB 02 04

AT ___ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

Plaintiff(s) in the above-captioned action, allege(s) as follows:

## JURISDICTION

1.      This is a civil action seeking relief and/or damages to defend and
protect the rights guaranteed by the Constitution of the United States.  This
action is brought pursuant to 42 U.S.C. § 1983.  The Court has jurisdiction
over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

## PARTIES

2.      Plaintiff:    JASON HUNTLEY

Address:    DIN 92A4446
Mid-Orange Corr. Facility
900 Kings Highway
Warwick, N.Y. 10990-0900

Additional Plaintiffs may be added on a separate sheet of paper.

3.    a.    Defendant:    EVAN GORELICK

Official Position:    Deputy Supt. of Programs

Address:    Shawangunk Corr. Facility
750 Prison Rd.
Wallkill, N.Y. 12589

**Form E (2) (a) . 1**

b.    **Defendant:** KAREN Bellamy

**Official Position:** Assistant Director of the N.Y.S. Inmate Grievance Program

**Address:** _____

1220 Washington Ave.

Albany, N.Y. 12226

c.    **Defendant:** Leo Bisceglia

**Official Position:** former Deputy Supt. of Admin. at Shawangunk C.F., now assigned in DOCS Albany office

**Address:** _____

1220 Washington Ave.

Albany, N.Y. 12226

**Additional Defendants may be added on a separate sheet of paper.**
(Remaining Defendants listed on Attached 4 pages)

4.                    **PLACE OF PRESENT CONFINEMENT**

a.    Is there a prisoner grievance procedure at this facility?

(✗) Yes          ( ) No

b.    If your answer to 4(a) is YES, did you present the facts relating to your complaint in this grievance program?

(✗) Yes          ( ) No    (Note: The grievances were submitted at Sing Sing & Shawangunk facilities, as those were the appropriate places to file them)

If your answer to 4(b) is YES:

(i)    What steps did you take?

Numerous grievances were filed providing detailed information to substantiate that redress was warranted.

(ii)    What was the **final** result of your grievance?

They were denied; however, said denials provide conclusive evidence of intentional obstruction, and deliberate falsification of official records & documents.

Form E (2) (a) . 2

3.

d.   Defendant   DONALD BROOKS

Official Position   CORRECTION SERGEANT

Address:   SHAWANGUNK CORR. FACILITY

750 PRISON ROAD

WALLKILL, N.Y. 12589

e.   Defendant   FRANK CHIAPPERINO

Official Position   CORRECTION COUNSELOR

Address:   SHAWANGUNK CORR. FACILITY

750 PRISON ROAD

WALLKILL, N.Y. 12589

f.   Defendant   DANIEL CONNOLLY

Official Position   CORRECTION CAPTAIN

Address:   SHAWANGUNK CORR. FACILITY

750 PRISON ROAD

WALLKILL, N.Y. 12589

g.   Defendant   WILLIAM CONNOLLY

Official Position   Deputy Supt. of Security

Address:   SING SING CORR. FACILITY

354 HUNTER STREET

OSSINING, N.Y. 10562

h.   Defendant   Thomas EAGEN

Official Position   DIRECTOR OF THE N.Y.S.
INMATE GRIEVANCE PROGRAM

Address:

1220 WASHINGTON AVE.

ALBANY, N.Y. 12226

i.   Defendant   BRIAN FISCHER

Official Position   Superintendent

Address:   SING SING CORR. FACILITY

354 HUNTER STREET

OSSINING, N.Y. 10562

3.

J.  Defendant    GERALD GARDNER

Official Position    CORRECTION LIEUTENANT

Address:    SHAWANGUNK CORR. FACILITY
750 PRISON ROAD
WALLKILL, N.Y. 12589

K.  Defendant    Douglas Holland

Official Position    INVESTIGATOR for the
INSPECTOR GENERAL's OFFICE

Address:

1220 WASHINGTON AVE.
ALBANY, N.Y. 12226

l.  Defendant    Timothy Humphrey

Official Position    CORRECTION CAPTAIN

Address:    Sing Sing Corr. Facility
354 Hunter Street
Ossining, N.Y. 10562

m.  Defendant    SEAN KOBER

Official Position    Inmate Grievance Program Supervisor

Address:    WALLKILL CORR. FACILITY
Box G
WALLKILL, N.Y. 12589

n.  Defendant    John Maly

Official Position    Deputy Supt. of Security

Address:    SHAWANGUNK CORR. FACILITY
750 PRISON ROAD
WALLKILL, N.Y. 12589

o.  Defendant    William Minogue

Official Position    CORRECTION LIEUTENANT

Address:    Sing Sing Corr. Facility
354 Hunter Street
Ossining, N.Y. 10562

3.

p.   DEFENDANT   JEANNE S. NICKELS

OFFICIAL POSITION   ASSOCIATE BUDGET ANALYST
Office of Inmate Accts.

Address:   _____

1220 WASHINGTON AVE.
ALBANY, N.Y. 12226

q.   DEFENDANT   LAWRENCE O'NEILL

OFFICIAL POSITION   INMATE GRIEVANCE PROGRAM SUPERVISOR

Address:   SHAWANGUNK CORR. FACILITY
750 PRISON ROAD
WALLKILL, N.Y. 12589

r.   DEFENDANT   DAVID PERRY

OFFICIAL POSITION   CORRECTION OFFICER

Address:   SHAWANGUNK CORR. FACILITY
750 PRISON ROAD
WALLKILL, N.Y. 12589

s.   DEFENDANT   LEONARD PORTUONDO

OFFICIAL POSITION   former Superintendent

Address:   SHAWANGUNK CORR. FACILITY
750 PRISON ROAD
WALLKILL, N.Y. 12589

t.   DEFENDANT   DANIEL ROACH

OFFICIAL POSITION   CORRECTION OFFICER

Address:   SING SING CORR. FACILITY
354 HUNTER STREET
OSSINING, N.Y. 10562

u.   DEFENDANT   Tullo SANTARELLI

OFFICIAL POSITION   VOCATIONAL SUPERVISOR

Address:   SHAWANGUNK CORR. FACILITY
750 PRISON ROAD
WALLKILL, N.Y. 12589

3.

v.    Defendant    DONALD SELSKY

Official Position    Director- Special Housing
& Inmate Disciplinary Program

Address:

1220 WASHINGTON Ave.
Albany, N.Y. 12226

w.    Defendant    GARY Seyfert

Official Position    Deputy Inspector General

Address:

1220 WASHINGTON Ave.
Albany, N.Y. 12226

x.    Defendant    Michael VANpelt

Official Position    Correction Officer

Address:    Shawangunk Corr. Facility
750 Prison Road
Wallkill, N.Y. 12589

y.    Defendant    DONALD WILKINS

Official Position    Correction Sergeant

Address:    Shawangunk Corr. Facility
750 Prison Road
Wallkill, N.Y. 12589

z.    Defendant    Neville Andrews

Official Position    Senior Corr. Counselor

Address:    Shawangunk Corr. Facility
750 Prison Road
Wallkill, N.Y. 12589

If your answer to 4(b) is NO:

Why did you choose to not present the facts relating to your complaint in the prison's grievance program?

_____ N/A _____

_____

c.  If there is no grievance procedure in your institution, did you complain to prison authorities about the facts alleged in your complaint?

( ) Yes        ( ) No  *(Note: Though grievances were filed, Plaintiff also complained in writing to various prison authorities)*

If your answer to 4(c) is YES:

(i)  What steps did you take?

_____

_____

(ii)  What was the **final** result regarding your complaint?

_____

_____

If your answer to 4(c) is NO:

Why did you choose to not complain about the facts relating to your complaint in such prison?

_____

_____

5.          **PREVIOUS LAWSUITS**

a.  Have you ever filed any other lawsuits in any state and federal court relating to your imprisonment?

( X ) Yes        ( ) No

b.  If your answer to 5(a) is YES you must describe any and all lawsuits, currently pending or closed, in the space provided on the next page.

Form E (2) (a) . 3

i. Parties to previous lawsuit

Plaintiff:

Jason Huntley

Defendant:

The State of New York

ii. Court:

N.Y. Court of Claims - Albany

iii. Claim Number: 106466

iv. Name of Judge to whom case was assigned:

Thomas H. Scuccimarra

v. Disposition:

On appeal to Appellate Division: Second Dept.

vi. Approximate date of filing suit:

August 2002

vi. Approximate date of disposition:

N/A

i.    Parties to previous lawsuit:

Plaintiffs:

Jason Huntley

Defendants:

Brian Fischer, et al.

ii.    Court (if federal court, name District; if state court, name County:

United States Southern District

iii.    Docket number:    01 Civ. 2412

iv.    Name of Judge to whom case was assigned:

Denny Chin

v.    Disposition (dismissed? on appeal? still pending?)
Petition for Writ of Certiorari to the United States
Supreme Court (Docket No. 02-8074) was not granted

vi.    Approximate date of filing prior lawsuit:

October 2000

vii.    Approximate date of disposition:

January 2003

(continued on additional page)

6.                            **FACTS**

    Set forth the facts of your case which substantiate your claim of violation of your civil and/or Constitutional rights.  List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY
    defendant in your complaint. (You may use additional sheets as necessary.)**

    1. The instant action is submitted to seek damage remedies against all of the named defendants who, while vested with the authority of the State, with personal knowledge, involvement and acquiescence, resorted to outrageous conduct to intentionally obstruct plaintiff's pursuit of seeking redress of grievances and his access to the courts on overwhelmingly meritorious issues involving  A

Form E (2) (a) . 4

criminal post-conviction remedy and an unlawful and illegal conditions of confinement suit. Moreover, that the complained of conduct embodied deliberately evil motive or intent is evident from the facts of record, for it began while plaintiff was involved in a State investigation concerning felony conduct by Correction Sergeant Ronald Hunlock, which also happened to be within a couple of days of a United States Marshal serving numerous correction employees copy of a lawsuit filed by plaintiff, both matters being initiated at Sing Sing Corr. Facility (hereinafter "SSCF").

2. On 8/1/01, in B-block, on V-gallery, at SSCF, Daniel Roach made an announcement to the prisoners housing on said gallery that they would no longer receive any privileges extended by him because of the actions by plaintiff. He further stated that said loss of privileges would continue for as long as plaintiff lived on said gallery. D. Roach returned on 8/2/01 and made the exact same announcement again. Approx. 1-hour after said announcement, after plaintiff had left the area to report to work, plaintiff's cell was mysteriously set on fire. Notably, such open retaliatory actions were possible because, despite them both

being well aware of the unconstitutional actions by their subordinates, Brian Fischer and William Connolly allowed such actions to go on and refused to initiate any corrective actions. Consequently, despite the evidence of record substantiating D. Roach's involvement and/or participation in the fire within plaintiff's cell, William Connolly authorized and ordered plaintiff's confinement and isolation within a disciplinary segregation unit within SSCF.

3. On or about 8/5/01, in the Special Housing Unit - HBC at SSCF, Brian Fischer appeared at the cell plaintiff was confined in. After plaintiff voiced to him the unlawful and illegal confinement he was being subjected to, that he was well aware that plaintiff was being punished for D. Roach's unlawful and illegal acts, and the property missing from plaintiff's bags, B. Fischer merely stated that plaintiff's reign as grievance rep. will soon be at an end and that plaintiff was only getting what he deserved for having gone to far. Plaintiff merely replied that the courts would decide.

4. On 8/14/01, in the Special Housing Unit - HBC in SSCF, William Minogue conducted a disciplinary involuntary protective custody hearing against plaintiff.

Despite the evidence and testimony of an officer substantiating that plaintiff was being illegally and unlawfully confined and isolated, William Minogue distinctly embellished the record concerning the actions of Daniel Roach (presented in paragraph 2), declared that said evidence and testimony was not relevant and deliberately rendered determination against plaintiff.

5. On 8/9/01, in the Special Housing Unit-HBC at SSCF, Timothy Humphrey conducted a disciplinary IGRC impeachment hearing against plaintiff, that had been requested by Sean Kober. In conducting said hearing, T. Humphrey intentionally denied requested material and relevant witnesses, deliberately refused to allow plaintiff to obtain answers for various questions posed to Sean Kober and then rendered determination against plaintiff. Furthermore, Sean Kober deliberately provided false testimony to support his request for said hearing.

6. Though between 8/2/01 and 8/9/01 plaintiff had submitted 11-distinct grievances while he was confined within the Special Housing Unit-HBC at SSCF (concerning D. Roach's actions, the unlawful procedures evidenced by B. Fischer, W. Connolly, W. Minogue, T. Humphrey and S. Kober, and the unlawful deprivations plaintiff was being

subjected to, concerning meals, water, electricity, showers, recreation, phones, legal materials, and shaving materials), and missing property), their never having been processed tips decidedly in favor that they were, as he had done before, deliberately misplaced/destroyed by Sean Kober.

7. In regard to plaintiff's illegal and unlawful confinement and isolation within the Special Housing Unit - HBC at SSCF, and specifically about the illegal and unlawful deprivations plaintiff was being subjected to (presented in paragraph 6), on 8|3, 8|4, 8|5, 8|7, and 8|9 plaintiff wrote detailed complaints to W. Connolly apprising him of said actions; however, despite the fact that each said writing had been verified under the penalty of perjury, W. Connolly refused to act upon them and/or disposed of them. Notably, during the night of 8|9|01, plaintiff was transferred to Shawangunk Corr. Facility (hereinafter "SCF").

8. On both 8|11|01 and 8|24|01, at SCF, Michael Vanpelt deliberately concealed the official fact that the majority of plaintiff's property and legal papers were missing.

9. On 10/2/01, at the Dept. of Corr. Services main office in Albany, in compounding the results of the disciplinary hearing conducted on 8/9/01 (presented in paragraph 5), Donald Selsky deliberately affirmed the administrative appeal plaintiff had submitted concerning said unconstitutional hearing. Additionally, though plaintiff never received a decision from Donald Selsky concerning the administrative appeal submitted for the hearing conducted on 8/7/01 (presented in paragraph 4), the evidence of record substantiates that D. Selsky also did nothing to correct that wrong either.

10. On 11/28/01, at SCF, in response to plaintiff's attempt to document the deliberate loss/destruction of the majority of his legal papers, Michael Vanpelt evidenced his knowing and willing participation in said loss/destruction when he authored an official record that deliberately attempted to aid in or conceal said occurrence.

11. On 1/22/02, at the Dept. of Corr. Services main office in Albany, also in response to plaintiff's attempt to document the deliberate loss/destruction of the majority of his legal papers, Douglas Holland evidenced his knowing and willing participation in

in or conceal said occurrence.

15. On 2/25/02 plaintiff mailed a complaint to Gary Seyfert, at his office in the Dept. of Corr. Services main office in Albany, and apprised him of the matter concerning plaintiff's missing legal papers; however, G. Seyfert deliberately failed/refused to initiate appropriate corrective action.

16. On 3/4/02, at SCF, in response to a grievance submitted by plaintiff concerning his missing property, a hearing was conducted by Donald Brooks and Neville Andrews. The decision authored by them, along with Michael Vanpelt's deliberate failure/refusal to respond to the complaint, substantiated their intentional obstruction of plaintiff's pursuit of seeking redress, for it was contrary to the established rules, regulations and procedures of the grievance process. Additionally, the noted obstructions were supported by Lawrence O'Neill's deliberate failure/refusal to adhere to the duties inherent in his vested position as the IGP supervisor.

17. On 3/4/02, at SCF, Donald Wilkins also became involved in the grievance matter presented in paragraph 16.

Arriving at the grievance hearing when it was reaching its conclusion, D. Wilkins declared that there was no need to pass the grievance on to the Supt. because he possessed a copy of all the documents concerning the matter and would assist in resolving it; however, D. Wilkins evidenced his knowing and willing participation to aid in or conceal plaintiff's loss when he deliberately failed/refused to initiate any corrective action concerning the matter.

18. On 3/14/02, at SCF, in response to the grievance appeal submitted to the Supt. concerning the missing property, Evan Gorelick evidenced his participation to aid in or conceal said loss when he authored decision against said appeal, for it was deliberately contrary to the established rules, regulations and procedures of the grievance process.

19. On 5/1/02, at the Dept. of Corr. Services main office in Albany, in response to the grievance appeal submitted for the Supt.'s decision of 3/14/02 (presented in paragraph 18), Thomas Eagen evidenced his knowing and willing participation to aid in or conceal plaintiff's loss when he authored

decision that was deliberately contrary to the established rules, regulations and procedures of the grievance process, as well as the duties inherent in his vested position as the IGP Director.

20. On 5/15/02, at SCF, Douglas Holland came and spoke with plaintiff about the complaint submitted to Gary Seyfert (presented in paragraph 15). Though D. Holland and plaintiff discussed all of the illegalities concerning plaintiff's missing property, as well as the ongoing scheme to conceal said occurrence, D. Holland went on to evidence his participation to aid in or conceal the deliberate loss/destruction of plaintiff's legal papers by intentionally failing/refusing to initiate any corrective action.

21. On 5/17/02 and 5/20/02, at SCF, though possessing no valid or lawful authority to do so, Leonard Portuondo authored official records denying plaintiff's attempt to document the deliberate loss/destruction of his legal papers; thereby, evidencing his participation to aid in or conceal plaintiff's said loss/destruction.

22. On 5/21/02 plaintiff once again mailed a complaint to Gary Seyfert, at his office in the Dept. of Corr.

Services main office in Albany, and provided him with a detailed account of D. Holland's actions (presented in paragraph 20), L. Portuondo's actions (presented in paragraph 21), advised him that plaintiff was going to file another grievance concerning the matter, and also that the evidence of record fully warranted an investigation and corrective actions pursuant to the duties inherent in his vested position; however, Gary Seyfert once again evidenced his knowing and willing participation to aid in or conceal the deliberate loss/destruction of plaintiff's legal papers by intentionally failing/refusing to initiate any corrective actions concerning said loss/destruction.

23. On 5/29/02, at SCF, in response to a grievance submitted by plaintiff to seek correction of the lawless actions to prevent him from documenting the deliberate loss/destruction of his legal papers, Lawrence O'Neill authored and submitted an official record into said proceeding. However, since said record contained information deliberately contrary to the matter in issue, L. O'Neill not only evidenced his knowing and willing participation to aid in or conceal said loss/destruction, but also his intentional obstruction of plaintiff's said pursuit,

24. On 6/3/02, at SCF, in response to a grievance submitted by plaintiff to seek correction of the lawless actions to prevent him from documenting the deliberate loss/destruction of his legal papers, a hearing was conducted by Donald Brooks and Tullo Santarelli. Consequently, the decision authored by them evidenced their knowing and willing participation to aid in or conceal said loss/destruction, for it was intentionally contrary to the established rules, regulations and procedures of the grievance process.

25. On 6/10/02, at SCF, in response to the grievance appeal submitted due to the intentionally fraudulent decision rendered by D. Brooks and T. Santarelli (presented in paragraph 24), Leonard Portuondo authored decision for said appeal. However, said decision's contents were intentionally contrary to the established rules, regulations and procedures of the grievance process; thereby, also evidencing L. Portuondo's knowing and willing participation to aid in or conceal the deliberate loss/destruction of plaintiff's legal papers.

26. On 6/19/02, at the Dept. of Corr. Services main office in Albany, in response to plaintiff's continued attempt to document the deliberate loss/destruction of his

legal papers, Jeanne S. Nickels authored official records and decision concerning the matter. However, said decision and records' contents were intentionally contrary to the evidence of record, thereby also substantiating her knowing and willing participation to aid in or conceal said loss/destruction, and openly evidenced her deliberate deviation from the established rules, regulations and procedures regarding such a matter.

27. On 7/17/02, at the Dept. of Corr. Services main office in Albany, in response to the grievance appeal submitted for the continued deceitful and fraudulent actions to prevent plaintiff from documenting the deliberate loss/destruction of his legal papers, Thomas Eagen authored an official record and decision concerning said appeal. that was intentionally contrary to the established rules, regulations and procedures of the grievance process and, thereby, serve to aid in or conceal the deliberate loss/destruction of plaintiff's legal papers.

28. Beginning on 7/22/02 and ending on 7/24/02, at SCF, Gerald Gardner conducted a disciplinary hearing against plaintiff. During the former date, G. Gardner openly expressed that he would

Neither believe plaintiff's defense, nor the allegation that the author of the charging instrument had made a false entry in it. During the latter date, David Perry, the author of said instrument appeared and knowingly and willingly provided false testimony to support a false entry he had made within his report. Notably, Gerald Gardner intentionally relinquished his role as an impartial arbiter by embellishing the testimony of David Perry, denying plaintiff a requested employee witness who would have provided the material and relevant testimony that would have resolved the credibility issue voiced by him, referred to the incidents involving plaintiff both at SSCF and SCF, and by authoring decision that included an assertion never advanced by said witness and determination of guilt. Moreover, though said unlawfully and illegally reached hearing determination was appropriately reversed on appeal on 7/26/02, Gerald Gardner used his vested position to deliberately ensure that the records were not corrected pursuant to established rules, regulations and procedures to reflect said reversal; thereby, ensuring that plaintiff remained unlawfully and illegally confined and on loss of all privileges.

29. On 8/9/02, at SCF, in response to a grievance submitted by plaintiff regarding the unconstitutional actions deliberately resorted to during the disciplinary hearing held against him (presented in paragraph 28), John Maly authored and submitted into said proceeding an official record meant to aid in or conceal said actions by intentionally setting forth information that was contrary to the established rules, regulations and procedures of the grievance process.

30. On or about 8/14/02, at SCF, in response to a grievance submitted by plaintiff regarding the unconstitutional actions deliberately resorted to during the disciplinary hearing held against him (presented in paragraph 28), Donald Brooks and Frank Chiapperino conducted a hearing for said matter. In attempt to aid in or conceal said actions, D. Brooks and F. Chiapperino authored decision that was intentionally contrary to the established rules, regulations and procedures of the grievance process. Furthermore, after John Maly's fraudulent record was read at said hearing, and plaintiff voiced that the contents of said record were false, D. Brooks and F. Chiapperino merely continued to deliberately abregate constitutional guarantees.

31. On 8/21/02, at SCF, in response to the grievance appeal submitted by plaintiff regarding the unconstitutional actions deliberately perpetrated against him (presented in paragraphs 28, 29 & 30), in attempt to aid in or conceal said actions, Leonard Portuondo authored decision that was intentionally contrary to the established rules, regulations and procedures of the grievance process.

32. On 10/2/02, at the Dept. of Corr. Services main office in Albany, in response to the grievance appeal submitted by plaintiff regarding the unconstitutional actions deliberately perpetrated against him (presented in paragraphs 28, 29, 30, & 31), in attempt to aid in or conceal said actions, Karen Bellamy authored decision for said appeal that was intentionally contrary to the established rules, regulations and procedures of the grievance process.

7.                      CAUSES OF ACTIONS

Note: You must clearly state each cause of action you assert in this lawsuit.

### FIRST CAUSE OF ACTION

Violation of plaintiff's civil rights by the named defendants while they acted under color of state law

### SECOND CAUSE OF ACTION

Retaliation against plaintiff due to his exercising federally protected rights

### THIRD CAUSE OF ACTION

Intentional obstruction of plaintiff's access to the courts

### FOURTH CAUSE OF ACTION

Intentional obstruction of plaintiff's pursuit of seeking redress of grievances

Form E(2)(a).5

8.    **Plaintiff(s) demand(s) a trial by**

( Jury ) -or-  **Court**

**(Circle only one).**

9.    **PRAYER FOR RELIEF**

**WHEREFORE, plaintiff(s) request(s) that this Court grant the following relief:**

$200,000.00 compensatory damages against each named defendant, $200,000.00 punitive damages against each named defendant and for pendent jurisdiction to be invoked over related state law claims given rise by the Federal violations.

**I declare under penalty of perjury that the foregoing is true and correct.**

**DATED:**    1/16/04

Jason Huntley

**Signature of Plaintiff(s)**
**(all Plaintiffs must sign)**

I, Jason Huntley, declare under penalty of perjury that the statements contained within the foregoing complaint are facts known to be true to the best of my knowledge. Executed on Jan. 16, 2004.

Jason Huntley

**Form E (2) (a) . 6**

☆U.S. GOVERNMENT PRINTING OFFICE: 1997 - 510-722/50003